NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0215n.06
Filed: April 23, 2008

No. 07-3080

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| AHMAD HUSSEIN JABER, | ) | |
| | ) | ON PETITION FOR REVIEW |
| Petitioner, | ) | FROM THE BOARD OF |
| | ) | IMMIGRATION APPEALS |
| v. | ) | |
| | ) | O P I N I O N |
| MICHAEL B. MUKASEY, U.S. ATTORNEY | ) | |
| GENERAL, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

BEFORE:     CLAY and McKEAGUE, Circuit Judges; and BOYKO, District Judge.[*]

   **BOYKO, District Judge.**     Petitioner, Ahmad Hussein Jaber, a native and citizen of

Lebanon, seeks review of the Board of Immigration Appeals' ("BIA") decision denying reopening

of his immigration proceedings. On January 27, 2005, Petitioner's request for asylum and

withholding under the Immigration and Nationality Act, 8 U.S.C. §1101 et seq. ("INA") and the

United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or

Punishment ("CAT"), were denied by the immigration judge ("IJ") and the BIA affirmed on August

1, 2006. On October 12, 2006, Petitioner filed a Motion to Reopen, alleging changed country

conditions and ineffective assistance of counsel. On December 26, 2006, the BIA denied Petitioner's

---

   [*] The Honorable Christopher A. Boyko, United States District Judge for the Northern
District of Ohio, sitting by designation.

Motion to Reopen. For the following reasons, we **AFFIRM** the BIA's denial of Petitioner's Motion to Reopen, **DISMISS** Petitioner's unexhausted administrative claims and further, find this Court has no jurisdiction to hear Petitioner's claim seeking review of the BIA's affirmance of the denial of Petitioner's asylum and withholding Petition.

**I.**

Petitioner entered the United States on or about March 14, 2001, as a non-immigrant visitor with authorization to remain in the United States for a temporary period not to exceed September 4, 2001. Petitioner remained in the United States beyond September 4, 2001. On January 9, 2003, the former Immigration and Naturalization Service issued Petitioner a Notice to Appear ("NTA"), charging Petitioner with removability under Section 273 (a)(1)(B) of the INA, 8 U.S.C. §1227(a)(1)(B), for remaining in the United States beyond the permitted time. Petitioner admitted the factual allegations in the NTA at a hearing on February 20, 2004. On May 11, 2004, Petitioner applied for withholding of removal and protection under the INA and CAT. At a merits hearing on March 21, 2006, before the IJ, Petitioner argued he was the subject of persecution by the Syrian military and/or Syrian intelligence in Lebanon, that he had been imprisoned and beaten by Syrian military and/or Syrian intelligence while residing in Lebanon, and was subject to the same at the hands of the Syrian military or groups that align themselves with Syria, if he returned.

On March 21, 2006, after a hearing, the IJ issued an oral decision, denying Petitioner's applications for withholding of removal, CAT protection and voluntary departure and ordered him removed to Lebanon. In denying Petitioner's applications, the IJ determined Petitioner was not credible and failed to meet his burdens of proof in order to obtain the requested relief. The IJ also

determined Petitioner's asylum application was untimely and was not before the IJ for adjudication. Furthermore, the IJ determined the withdrawal of Syrian forces from Lebanon in April of 2005 was a significant factor that impaired Petitioner's ability to demonstrate he had a well-founded basis for fearing persecution upon return. The IJ determined even if Petitioner's testimony were to be believed, his one period of incarceration in Lebanon did not rise to the level of persecution as contemplated by the INA. The IJ also found that Petitioner had returned to Lebanon once before without incident and Petitioner's concerns were largely over general civil strife in Lebanon rather than a particularized fear of individual persecution.

On April 19, 2006, Petitioner appealed the IJ's decision to the BIA. On August 1, 2006, the BIA dismissed Petitioner's appeal, finding Petitioner did not dispute the untimeliness of his asylum application and further finding there was no applicable exception to the one-year limitation period for filing an asylum application under 8 C.F.R. §1208.4. The BIA also determined the IJ's finding, that Petitioner was not credible, was not clearly erroneous "because it was based on discrepancies going to the heart of respondent's asylum application." Of particular importance to the BIA's concurrence that Petitioner was not credible was Petitioner's ( respondent before the BIA) asylum application failed to indicate physical abuse Petitioner later discussed at the hearing. The BIA further found Petitioner lacked an independent basis for his claim under the CAT and therefore, the IJ's denial of Petitioner's CAT claim based on the IJ's adverse credibility finding was proper. Finally, the BIA found no evidence of bias on the part of the IJ and found Petitioner had failed to demonstrate it was more likely than not he would be tortured if forced to return to Lebanon. Petitioner never petitioned for review of the BIA's August 1, 2006 decision. On October 13, 2006,

Petitioner filed a Motion to Reopen with the BIA on the bases that conditions in Lebanon had changed and alleged ineffective assistance of counsel. On December 26, 2006, the BIA denied Petitioner's Motion to Reopen.

## II.

This Court has jurisdiction to review the BIA's decision in this case under 8 U.S.C. §1252(a)(1). As a preliminary matter, this Court finds it has jurisdiction to review only the BIA's denial of Petitioner's Motion to Reopen because Petitioner failed to appeal the BIA's August 1, 2006 decision. *Rreshpja v. Gonzales,* 420 F.3d 551, 559 (6th Cir.2005).

## III.

### A. Petitioner's Claims on Review

Petitioner claims the BIA made several reversible errors. First, he contends the BIA erred in denying Petitioner's Motion to Reopen by concluding the evidence presented by Petitioner was immaterial because it would not have changed the outcome of his case and it only related to general conditions in Lebanon. Second, Petitioner contends the BIA erred in denying Petitioner's Motion to Reopen by concluding Petitioner failed to demonstrate he was prejudiced by his legal representative's alleged ineffective assistance. Third, Petitioner contends his due process rights were violated when the BIA failed to conduct an individualized hearing on changed country conditions and failed to consider his supplemental evidence.

In response, Respondent contends this Court lacks jurisdiction to hear Petitioner's due process claim regarding edited hearing transcripts because Petitioner failed to exhaust his

administrative remedies by not raising this issue with the BIA. On the remaining issues, the Attorney General contends the BIA did not err.

## B. Standard of Review

Under BIA regulations, a motion to reopen "shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." *Allabani v. Gonzales,* 402 F.3d 668, 675 (6th Cir. 2005) (citing 8 C.F.R. § 1003.2(c)(1)); *see also Sako v. Gonzales,* 434 F.3d 857, 863 (6th Cir. 2006). This Court reviews a denial of a motion to reopen under an abuse of discretion standard. *INS v. Abudu,* 485 U.S. 94, 107 (1988); *Allabani,* 402 F.3d at 675. "In determining whether the Board abused its discretion, this Court must decide whether the denial of [the] motion to reopen ... was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group." *Allabani,* 402 F.3d at 675. The United States Supreme Court explained that motions to reopen in deportation proceedings are disfavored because, "[t]here is a strong public interest in bringing litigation to a close as promptly as is consistent with the interest in giving the adversaries a fair opportunity to develop and present their respective cases." *Abudu,* 485 U.S. at 107.

The BIA has broad discretion and a party has a heavy burden when urging reversal. *INS v. Doherty,* 502 U.S. 314, 323 (1992). Motions to Reopen are particularly disfavored in immigration proceedings because "every delay works to the advantage of a removable alien wishing to remain in the U.S." *Id.*

## C. Petitioner's Evidence of Changed Country Conditions In His Motion to Reopen

Petitioner contends the BIA made numerous errors in affirming the IJ's decision and denying Petitioner's Motion to Reopen. Petitioner contends the BIA was provided "voluminous, reliable and current documents" supporting Petitioner's claim that changed country conditions warranted reopening his case. In addition, Petitioner contends he provided a supplemental submission which contained evidence of the changed country conditions from Petitioner's relatives in Lebanon and newspaper articles on the state of events in Lebanon. Petitioner alleges the BIA never considered the supplemental submission and never referred to or discussed any of the evidentiary exhibits. Petitioner argues his new evidence of changed country conditions required a new hearing to determine its effects and that he demonstrated Syrian control of Lebanon placed him in personal danger. Although Syria departed Lebanon in 2005, Petitioner claims the continuing influence Syria exerts over Hezbollah, a Lebanese militia group and alleged proxy of Syria, presents a changed country condition that the BIA failed to analyze or appreciate.

Respondent contends the evidence presented by Petitioner in support of his changed country conditions claim was not material. According to Respondent, the BIA properly declined to reopen proceedings because the evidence provided by Petitioner was immaterial as it would not have changed the outcome of Petitioner's case because it only discussed the general situation in Lebanon. Furthermore, Respondent argues Petitioner failed to offer evidence that would overcome the IJ's and BIA's determination that Petitioner was not credible. Also, Respondent contends the evidence presented by Petitioner, in support of his Motion to Reopen, failed to substantiate his personal fears of persecution or torture if returned to Lebanon.

Respondent argues Petitioner has failed to demonstrate how the BIA's failure to consider his supplementary submission prejudiced him or materially affected the outcome of his case. Therefore, Respondent contends Petitioner has failed to demonstrate a due process violation.

This Court finds the BIA properly declined to reopen the proceedings because the evidence provided by Petitioner was immaterial, i.e., it would not have changed the outcome of his proceedings, and it only discussed the general country conditions within Lebanon. Petitioner's additional evidence consisted of his own affidavit on conditions in Lebanon and newspaper articles discussing the general political situation in Lebanon.

This Court agrees with the BIA that Petitioner has failed to demonstrate how the documentation offered in support of his Motion to Reopen would have affected him individually. Specifically, the IJ and BIA denied Petitioner's applications for withholding of removal and CAT protection on two independent grounds: (1) Petitioner was not credible and (2) even if credible, Petitioner had not proved he was eligible for withholding of removal or CAT protection. The BIA determined that even if the information proffered by Petitioner had already been part of the record on appeal, the result would be the same - there is no credible testimony regarding the incidents upon which Petitioner bases his claims.

Petitioner did not provide any evidence to support his personal fears of persecution or torture if he returned to Lebanon. Fear of the general unsettlement of the political climate in Lebanon is insufficient. *Harchenko v. INS,* 379 F.3d 405, 410 (6th Cir. 2004). In *Harchenko*, this Court addressed a similar situation in which Petitioner proffered evidence of changed country conditions in the form of newspaper articles addressing the general condition of the country. This Court held,

> As we have previously noted, an alien filing a motion to reopen based on changed country conditions "cannot rely on speculative conclusions or mere assertions of fear of possible persecution, but instead must offer reasonably specific information showing a real threat of individual persecution." *Dokic v. INS,* No. 92-3592, 1993 WL 265166, *5 (6th Cir. July 15, 1993) (citing *Blanco-Comarribas v. INS,* 830 F.2d 1039, 1041-42 (9th Cir.1987)). The feared persecution must relate to the alien individually, not to the population generally."

*Id.*

Because the evidence presented by Petitioner in support of his Motion to Reopen was immaterial insofar as it failed to support his claims of individual persecution and only discussed the general country conditions in Lebanon, this Court can find no abuse of discretion by the BIA in denying Petitioner's Motion to Reopen.

While Petitioner's affidavit did state he was tortured while in Lebanon, without additional support, the BIA held and this Court agrees, it was insufficient to warrant a reopening. Compounding the insufficiency of the evidence presented by Petitioner's unsupported affidavit is the IJ's finding and BIA's concurrence that Petitioner was not credible.

**D. Due Process Violation for Failure to Consider Petitioner's Supplemental Submission**

Petitioner contends the BIA ignored his supplemental submission, consisting of: (1) additional news articles on the state of events in Lebanon; (2) information that Petitioner's family home in Lebanon had been destroyed during the Israeli-Hezbollah confrontation of 2006, and (3) correspondence between the American Immigration Lawyers Association and the Department of Homeland Security on changing the designation of Lebanon to temporary protected status. The Supplementary Submission was received by the BIA on December 21, 2006, five days before the

BIA issued its decision. By failing to consider the supplemental submission Petitioner claims the BIA violated Petitioner's due process rights. Furthermore, Petitioner contends the additional evidence warranted a new hearing.

"Aliens are entitled to due process of law in deportation proceedings." *Mapouya v. Gonzales,* 487 F.3d 396, 415-16 (6th Cir. 2007), citing (*Gilaj v. Gonzales,* 408 F.3d 275, 290 (6th Cir.2005)). "Due process requires that an alien be afforded a full and fair hearing." *Mapouya,* 487 F.3d at 415-16, (citing *Gilaj,* 408 F.3d at 290). "To prevail on a due process claim, a petitioner must demonstrate actual prejudice, and that the alleged prejudice materially affected the outcome of his or her case." *Mapouya,* 487 F.3d at 416, (citing *Matter of Sibrun,* 18 I. & N. Dec. 354, 356-57 (BIA 1983)).

Petitioner alleges a due process violation, yet he fails to explain how he was prejudiced. The supplemental evidence does not address the adverse credibility finding and the supplemental evidence is the same type originally submitted, i.e.- general documentation of the state of affairs in Lebanon, country conditions and civil strife because of the confrontation between Hezbollah and Israel. The supplemental evidence is not part of the certified administrative record. The evidence does not prove that it was more likely than not Petitioner's life or freedom would be threatened, or Petitioner would be tortured if he returned to Lebanon. Therefore, even if this Court were to determine the BIA should have considered the evidence, any error would be harmless because it did not result in a denial of justice. Even assuming this Court could take judicial notice of changed circumstances, Petitioner still must show an individualized fear of persecution. *Harchenko,* 379 F.3d at 410.

Because the evidence presented in both the Motion to Reopen and Supplemental Submission did not present evidence of changed country conditions that presented a particularized fear of persecution justifying reversal of the BIA's ruling, no hearing on the Motion to Reopen was necessary or worked to prejudice Petitioner's claims.

## E. Ineffective Assistance

"An alien facing removal is entitled to due process, including a full and fair hearing." *Sedrakyan v. Gonzales,* 237 F. App'x. 76, 81 (6th Cir. 2007), citing *Zadvydas v. Davis*, 533 U.S. 678, 693-94 (2001). The IJ maintains "broad discretion in conducting that hearing." *Castellano-Chacon v. INS*, 341 F.3d 533, 553 (6th Cir. 2003). A due process violation occurs only when "the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case." *Hassan v. Gonzales*, 403 F.3d 429, 436 (6th Cir. 2005)(quoting *Ladha v. INS*, 215 F.3d 889, 904 (9th Cir. 2000)). "For a petitioner to prevail on a due process claim, [she] must demonstrate not only error, but also 'substantial prejudice'—namely that the alleged violation affected the outcome of the proceeding." *Hermez v. Gonzales*, No. 05-4555, 2007 WL 930415, at *2 (6th Cir. Mar. 28, 2007) (unpublished) (quoting *Gishta v. Gonzales*, 404 F.3d 972, 979 (6th Cir. 2005)). "An alien alleging ineffective assistance must demonstrate prejudice, whether the alien was represented in immigration proceedings by an attorney or an accredited representative." *Feldman v. Gonzales,* No 04-3784, 2005 WL 3113488, at *2 (6th Cir. Nov. 21, 2005) (unpublished), (citing *Ramirez-Durazo v. INS,* 794 F.2d 491, 499-501 (9th Cir.1986)); *see also Kalaj v. Gonzales,* 137 F. App'x 851, 856 (6th Cir.2004) ( "[The prejudice] requirement applies a fortiori in a case where ineffectiveness is asserted on the part of a non-lawyer representative." ).

For ineffective assistance , the alien must prove, but for the ineffective assistance of counsel, he would have been entitled to continue to reside in the U.S. See *Sako* 434 F.3d at 864. Petitioner argues (1) he was never prepared for his immigration hearing by his representative, (2) his representative did not speak with him about his petition except for a couple of minutes before the hearing, (3) his representative did not inform him corroborative information regarding his case would be helpful and (4) his representative failed to ask him follow- up questions.[1]

This Court finds Petitioner failed to explain how he was prejudiced by this conduct, i.e., how increased preparation time or additional meetings with his representative would have made his claims successful or testimony credible.  Also, Petitioner does not identify the evidence <u>he would have provided</u> but for the ineffective assistance and how the evidence <u>would have made him more credible.</u>

Petitioner 's ineffective assistance claim suffers from the following flaws: (1) Petitioner's inconsistent testimony and omission of key events, (2) Petitioner's non-responsive and evasive general testimony, and (3) Petitioner's failure to produce corroborating evidence. Therefore, we find Petitioner's ineffective assistance of counsel claim fails as a matter of law.

**F.  Due Process violation for Failure to Provide Petitioner with an Edited Signed Transcript**

---

[1] Petitioner contends he cannot comply with the requirements of *In the Matter of Lozada,* 19 I. & N. Dec. 637, 1988 WL 235454 (BIA 1988), because Mr. Saba, Petitioner's representative at the hearing before the IJ, is not an attorney subject to the jurisdiction of the local state bar association.  "Under *Matter of Lozada,* an alien claiming ineffective assistance of counsel must submit an affidavit describing the agreement for representation entered into with former counsel, inform former counsel of the charge for the purpose of allowing him to respond to the complaints being made against him, and report whether a complaint has been filed with the appropriate disciplinary authorities." *Huicochea-Gomez v. INS,* 237 F.3d 696, 699 (6th Cir. 2001).

Petitioner alleges the BIA violated his due process rights by providing Petitioner an unedited, unsigned transcript of the IJ's Oral Decision upon which Petitioner relied when drafting his appeal to the BIA. Respondent contends Petitioner failed to raise this issue to the BIA in his Motion to Reopen. Therefore, Respondent argues this Court is without jurisdiction to hear Petitioner's unexhausted administrative claim.

This Court lacks jurisdiction to review claims if the alien fails to exhaust administrative remedies by failing to raise the claims with the BIA initially. *Sterkaj v. Gonzales,* 439 F.3d 273, 279 (6th Cir. 2006), *Cela v. Gonzales,* 205 F. App'x. 376, 384-85 (6th Cir. 2006). Petitioner argues his due process rights were violated because he did not receive the edited, signed transcript to brief the initial appeal to the BIA. However, Petitioner did not raise this claim in his Motion to Reopen with the Board. Therefore, Petitioner has failed to exhaust his administrative remedies and this Court lacks jurisdiction to hear this due process claim. Even if we excused this failure, Petitioner still has not shown "error and substantial prejudice" on his due process claim. *Garza-Moreno v. Gonzales*, 489 F.3d 239, 241 (6th Cir. 2007) Petitioner fails to show how any specific edit in the transcript would have affected his case or how using an edited transcript would have changed the outcome. Therefore, Petitioner's claim for due process violation for failure to receive an edited transcript must be dismissed.

**IV.**

For the reasons set forth above, the Court **AFFIRMS** the BIA's denial of Petitioner's Motion to Reopen and **DISMISSES** Petitioner's due process claim for failure to receive an edited transcript because this Court is without jurisdiction to hear the claim.