NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0049n.06

Case No. 18-3539

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| ABDIAS ALEXANDER CATALAN-ESTRADA, | ) ) ) | **FILED**<br>Jan 29, 2019<br>DEBORAH S. HUNT, Clerk |
| Petitioner, | ) | ON PETITION FOR REVIEW |
|  | ) | FROM THE UNITED STATES |
| v. | ) | BOARD OF IMMIGRATION |
|  | ) | APPEALS |
| MATTHEW G. WHITAKER, Acting U.S. | ) |  |
| Attorney General, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

BEFORE: CLAY, COOK, and LARSEN, Circuit Judges.

COOK, Circuit Judge. Abdias Alexander Catalan-Estrada petitions for review of the Board of Immigration Appeals' decision upholding an immigration judge's denial of his motion to reopen cancellation of removal proceedings. Because the Board correctly required Catalan-Estrada to present new evidence likely to change the result of his case, and he failed to do so, we DENY Catalan-Estrada's petition for review.

**I.**

Catalan-Estrada, a native and citizen of Guatemala, entered the United States illegally on an unknown date. In 2012, the Department of Homeland Security issued a Notice to Appear charging Catalan-Estrada as removable. Catalan-Estrada admitted the Notice's factual allegations

and conceded his removability. The immigration court held a hearing in 2015, at which Catalan-Estrada applied for cancellation of removal. Relevant here, Catalan-Estrada testified at the hearing and marked on his application that his two daughters, both United States citizens, would not accompany him to Guatemala should his application fail. He also acknowledged that Tennessee's Medicaid program covered both daughters. The immigration judge denied the application in a written decision issued almost two years after the hearing, finding that Catalan-Estrada failed to show that his deportation would cause his daughters "exceptional and extremely unusual" hardship.

Instead of appealing the immigration court's decision, Catalan-Estrada timely moved to reopen the proceedings, citing new evidence of his younger daughter's recent diagnoses of asthma and expressive language delay, and symptoms of autism spectrum disorder. The immigration judge denied the motion, reasoning that because Catalan-Estrada never amended his testimony that the daughters would not accompany him to Guatemala, and because his younger daughter had access to care in the United States, the new evidence would not alter the cancellation decision. Catalan-Estrada appealed this decision to the Board, which dismissed the case, rejecting the argument that the immigration judge applied the wrong standard by requiring new evidence likely to change the result of the case. This petition followed.

**II.**

We review the Board's denial of a motion to reopen immigration proceedings for abuse of discretion. *Trujillo Diaz v. Sessions*, 880 F.3d 244, 248 (6th Cir. 2018). The Board abuses its discretion when it denies a motion to reopen "without a rational explanation," "inexplicably depart[s] from established policies," or rests its decision "on an impermissible basis such as invidious discrimination against a particular race or group." *Balani v. I.N.S.*, 669 F.2d 1157, 1161

(6th Cir. 1982). We review questions of law de novo, giving "substantial deference" to the Board's interpretations of the Immigration and Nationality Act and its accompanying regulations. *Kukalo v. Holder*, 744 F.3d 395, 402 (6th Cir. 2011).

This petition presents the sole question of whether the Board applied the correct materiality standard to Catalan-Estrada's new evidence on his motion to reopen. The proponent of a motion to reopen "bears a heavy burden," *I.N.S. v. Abudu*, 485 U.S. 94, 110 (1988) (analogizing a motion to reopen to a motion for a new trial in a criminal case), and immigration courts generally disfavor reopening proceedings "in light of the strong public interest in the finality of removal orders," *Trujillo Diaz*, 880 F.3d at 249. An immigration judge will not grant such a motion unless the new evidence "[1] is material and [2] was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.23(b)(3). Indeed, the Supreme Court in *Abudu* recognized a petitioner's failure to produce new, *material* evidence as a sufficient ground for denying a motion to reopen. 485 U.S. at 104; *see also Allabani v. Gonzales*, 402 F.3d 668, 675 (6th Cir. 2005).

Catalan-Estrada renews the argument he made before the Board that, to qualify as "material," his new evidence needn't be of a quality likely to change the outcome of his case. But, in *Matter of Coelho*, the Board defined "material evidence" on a motion to reopen as evidence that satisfies the Board that "if proceedings before the immigration judge were reopened, with all the attendant delays, the new evidence offered would likely change the result in the case." 20 I. & N. Dec. 464, 473 (BIA 1992). We recently endorsed the *Coelho* standard, holding that the Board correctly required a petitioner seeking the same relief as Catalan-Estrada to present new evidence that "would likely change the result in the case." *Hernandez-Perez v. Whitaker*, 911 F.3d 305, 321 (6th Cir. 2018). Moreover, in unpublished decisions, this court consistently applies *Coelho*'s materiality standard. *See, e.g.*, *Mbaye v. Holder*, 369 F. App'x 688, 695 (6th Cir. 2010); *Abeshi v.*

*Mukasey*, 259 F. App'x 775, 778 (6th Cir. 2008); *see also Vakeesan v. Holder*, 343 F. App'x 117, 122 (6th Cir. 2009); *Jaber v. Mukasey*, 274 F. App'x 469, 474 (6th Cir. 2008); *Flores-Cedra v. Holder*, 572 F. App'x 389, 391 (6th Cir. 2014). Thus, the Board unsurprisingly affirmed the immigration judge's application of the *Coelho* standard to dismiss Catalan-Estrada's motion.

Nevertheless, Catalan-Estrada argues that *Coelho*'s standard applies only to immigration cases where new evidence relates to eligibility for relief as a matter of discretion and not to cases, like his, where new evidence relates to relief grounded in statutory elements. We find this argument unpersuasive. Beyond the dearth of authority supporting this argument, *Coelho* itself fails to evince the distinction Catalan-Estrada draws. Although the petitioner's new evidence in *Coelho* related to discretionary relief, the Board's materiality holding encompassed all movants "already . . . provided the opportunity to apply for [relief from deportation]." 20 I. & N. Dec. at 473. Indeed, the Supreme Court and the Board consistently justify the "heavy burden" on proponents of motions to reopen by referencing the petitioner's previous opportunity to argue his case, rather than the precise basis for relief. *See Abudu*, 485 U.S. at 107–08; *I.N.S. v. Doherty*, 502 U.S. 314, 323 (1992); *In re L-O-G-*, 21 I. & N. Dec. 413, 419–20 (BIA 1996). Consistent with this approach, we applied *Coelho*'s standard to motions to reopen irrespective of the background relief sought by the petitioner. *See, e.g.*, *Mbaye*, 369 F. App'x at 694–95 (applying *Coelho*'s materiality standard to evidence relevant to statutory relief); *Welson v. Sessions*, 744 F. App'x 249, 255–56 (6th Cir. 2018) (same); *see also Hernandez-Perez*, 911 F.3d at 320 (observing that our cases cite *Coelho* "without limiting that discussion to a certain category of cases").

Catalan-Estrada further argues that, instead of meeting *Coelho*'s standard, his new evidence need only satisfy a weaker standard—that it "may influence" the immigration judge's decision. But the Board opinions he cites for this proposition fail to address materiality in the

motion to reopen context. *See Matter of A-C-M-*, 27 I. & N. Dec. 303 (BIA 2018) (interpreting the phrase "material support" as it relates to terrorist activity disqualifying admission); *Matter of D-R-*, 25 I. & N. Dec. 445 (BIA 2011) (addressing "material misrepresentation" in the context of fraud disqualifying admission). Catalan-Estrada's inability to produce support for this argument makes sense: this "may influence" standard would thwart "the strong public interest in the finality of removal orders." *Trujillo Diaz*, 880 F.3d at 249.

### III.

We uphold the Board's decision and DENY Catalan-Estrada's petition for review.