**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name:  06a0913n.06
Filed:  December 20, 2006

**No. 05-4542**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| HYRIJE JSUF VUTHI, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ON PETITION FOR REVIEW FROM A |
| | ) | DECISION OF THE BOARD OF |
| ALBERTO GONZALES, Attorney General | ) | IMMIGRATION APPEALS |
| | ) | |
| Respondent. | ) | |

Before:  BOGGS, Chief Judge; COOK, Circuit Judge; and ROSE, District Judge.[*]

PER CURIAM.  Hyrije Jsuf Vuthi, a native and citizen of Albania, petitions for review of a Board of Immigration Appeals ("BIA") decision to affirm an Immigration Judge's ("IJ's") order denying her motion to reopen removal proceedings.  Because the BIA did not abuse its discretion, we deny the petition for review.

I

Vuthi illegally entered the United States in June 1998 with her two sons and thereafter applied for asylum and withholding of removal.  At an April 2000 merits hearing, Vuthi testified

---

[*]The Honorable Thomas M. Rose, United States District Judge for the Southern District of Ohio, sitting by designation.

about her persecution—consisting of the police stopping and questioning her on a few occasions—due to her membership in and her support of the Democratic Party ("DP") of Albania.

She also asserted at the hearing that her Muslim ex-husband, a former member of the Albanian Army and the Communist Party, severely beat her because of her political opinion and her Catholic faith. When she reported him to the police, Vuthi claims that the police failed to protect her because of her DP membership. When she divorced her husband in 1988, she was awarded custody of her children and support payments.

During the merits hearing, the IJ advised Vuthi that her application would probably be denied. After consulting with her attorney, she agreed to withdraw her application for asylum and withholding of removal and to accept voluntary departure no later than August 2000. She also waived her right to appeal. Vuthi never departed the United States voluntarily.

In July 2004, four years after her merits hearing, Vuthi moved to reopen her removal proceeding. The IJ denied the motion because Vuthi "withdrew [her] applications and took voluntary departure. Hence there [was] little chance any motion to reopen would be granted."

The BIA affirmed the decision, noting (1) the unexplained four-year lapse between Vuthi's agreement to voluntarily depart and her motion to reopen, (2) that the death of her younger son—who had been removed to Albania—occurred at least two years before she filed her motion to reopen, and (3) that Vuthi had "not provided sufficient evidence of changed country conditions

in Albania to warrant an exception to the filing deadline under 8 C.F.R. § 1003.23(b)(4)(i)." The BIA concluded Vuthi had demonstrated a lack of diligence in pursuing her claim. She now petitions for review.

II

We review the BIA's denial of a motion to reopen for an abuse of discretion. *Denko v. INS*, 351 F.3d 717, 723 (6th Cir. 2003). Generally a party must file a motion to reopen "within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C. 1229a(c)(7)(C)(i); *see also* 8 C.F.R. § 1003.23(b)(1). Vuthi attempts to justify her significant delay based on previously unavailable evidence of changed circumstances in Albania. 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.23(b)(4)(i). She directs our attention to three pieces of evidence to further her cause.

First, Vuthi points to the death of her younger son after his removal to Albania. Because she is "not sure what the cause of death was" and does not claim that the Albanian government killed him, we accord no pertinent evidentiary value to this unfortunate occurrence.

Second, she believes her husband blames her for their son's death and fears the revenge he would seek. To the extent that Vuthi continues to argue that her ex-husband's ill will is politically and religiously motivated, that evidence is not *new* because it was before the immigration judge in her earlier proceedings. Insofar as she claims his ill will is based on her younger son's death and her older son's imprisonment, her fear is based on changed *personal* circumstances, which cannot excuse

an untimely motion to reopen. *See Haddad v. Gonzales*, 437 F.3d 515, 517 (6th Cir. 2006); *Matter of S-A-*, 22 I. & N. Dec. 1328, 1334 (B.I.A. 2000).

Third, she presents several reports and articles on Albania's human-rights and political situations and claims these demonstrate changed country conditions. We view these reports as unavailing because they also demonstrate certain other bases for finding *improved* political conditions in Albania, and none of these submissions supports an individualized fear of persecution. *See Harchenko v. INS,* 379 F.3d 405, 410 (6th Cir. 2004) (finding articles and reports offered to support motion to reopen failed to demonstrate "individualized" fear of persecution). In fact, Vuthi concedes the improved circumstance of the DP defeat of the Socialist Party in the July 2005 elections.

Recounting her arrests and beatings by her husband, Vuthi next claims that "exceptional circumstances" required the BIA to reopen her case *sua sponte* on humanitarian grounds. Even if Vuthi had presented this argument to the BIA, which she did not, this court has held that "[t]he decision whether to invoke *sua sponte* authority is committed to the unfettered discretion of the BIA . . . [and is] not subject to judicial review." *Id.* at 410-11 (internal citation omitted).

Finally, we see no merit in Vuthi's argument that she was denied her Fifth Amendment right to due process by the BIA's brevity in its statement of reasons for denying reopening. Due process

does not always require a lengthy explication.  *Cf. Bah v. Gonzales*, 462 F.3d 637, 640 (6th Cir.

2006) (citing *Ramani v. Ashcroft*, 378 F.3d 554, 560 (6th Cir. 2004)).

III

For these reasons, we deny Vuthi's petition for review.