NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0019n.06
Filed: January 8, 2008

No. 06-4187

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| Vaniel Abeshi, | ) |
| | ) ON APPEAL FROM THE BOARD |
| Petitioner-Appellant, | ) OF IMMIGRATION APPEALS |
| | ) |
| v. | ) |
| | ) |
| Michael V. Mukasey,[*] | ) |
| | ) |
| Respondent-Appellee, | ) |

Before:     KEITH and CLAY, Circuit Judges; STEEH, District Judge.[**]

**STEEH, District Judge.** Vaniel Abeshi ("Petitioner"), a citizen of Albania, appeals the Board of Immigration Appeals' ("BIA") denial of his motion to reopen his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1] For the reasons that follow, we AFFIRM.

---

[*] Pursuant to Fed. R. App. P. 43(c)(2), Attorney General Michael B. Mukasey, is automatically substituted for former Attorney General Alberto R. Gonzales.

[**] The Honorable George Caram Steeh, United States District Judge for the Eastern District of Michigan, sitting by designation.

[1] Although petitioner asserted in his brief that he also sought review of the denial of the application itself, his petition for review appealed only the "Decision of the BIA, Board of Immigration Appeals, entered August 10, 2006, dismissing Petitioner's Motion to Reopen," J.A. 631, and thus is the only claim before this court.

I. Background

Petitioner entered the United States from Albania on July 28, 1999, without a valid entry document. His parents both entered the same year with valid visitor's visas. On September 20, 1999, Petitioner's father, Niko Abeshi, applied for asylum, withholding of removal, and protection under the CAT. Petitioner was included on the application as a derivative applicant.

When an asylum officer with the INS determined that Niko's eligibility for asylum had not been established, the case was referred to the immigration court for consideration of the asylum application as well as the BIA's charges of removability.[2] On November 3, 2004, the Immigration Judge ("IJ") denied Niko's application for asylum and withholding of removal pursuant to §§ 208 and 241(b)(3) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158, 1231(b)(3), and protection under the CAT pursuant to 8 C.F.R. § 1208.16(c)(2). The judge found that Niko was not credible and as lead applicant, he did not establish eligibility for relief or protection for himself or his family. The Abeshis appealed that decision, and the BIA dismissed the appeal on March 2, 2006.[3] Petitioner did not petition for review of the denial of the applications for asylum, withholding of removal, and protection under the Torture Convention.

---

[2] Under 8 C.F.R. §§ 208.14(d), 208.19, an asylum officer may either grant the application or refer it to an immigration judge for hearing. The immigration judge, located in the Executive Office for Immigration Review ("EOIR") in the Department of Justice, considers the application *de novo* under 8 U.S.C. § 1229(a)(1); 8 C.F.R. §§ 208.14(d), 208.19, 1208.13. The Board (also in the EOIR) hears appeals from the judge's decisions. 8 C.F.R. §§ 1240.1(a)(1), 1240.15.

[3] Vaniel's parents, meanwhile, had filed a motion to remand to apply for adjustment of status on the basis of a resident relative (their daughter was or had become a U.S. citizen), and the BIA granted the parents' motion to remand. This had no impact on Vaniel.

Instead, on April 7, 2006, Petitioner[4] filed a timely motion to reopen proceedings pursuant to 8 C.F.R. § 1003.2, asserting the existence of new evidence and changed circumstances. Finding he had failed to establish a *prima facie* case of eligibility for the underlying relief sought, the BIA denied that motion.

Petitioner filed his petition for review on September 6, 2006, within 30 days of the BIA's denial of the motion to reopen, as required for appeal of that decision under 8 U.S.C. § 1252(b)(1).

## II. Motion to Reopen

### A. Standard of Review

The denial of a motion to reopen is reviewed for an abuse of discretion. *See Denko v. INS*, 351 F.3d 717, 723 (6th Cir. 2003) (citing *INS v. Doherty*, 502 U.S. 314, 324 (1992)). This can be demonstrated when the IJ or BIA does not give a "rational explanation, inexplicably departs from established policies, or rests on an impermissible basis such as invidious discrimination against a particular race or group." *Balani v. INS*, 669 F.2d 1157, 1161 (6th Cir. 1982).

### B. Discussion

Petitioner's brief on appeal states his claims on appeal to be whether the IJ improperly found no past persecution of Petitioner; whether the IJ improperly denied Petitioner's application for asylum (I-589); whether Petitioner was given a fair review of his Appeal; and whether the

---

[4] The motion was filed independently by Vaniel, and did not address the applications of Niko or Qeti Abeshi.

BIA improperly denied Petitioner's motion to reopen. Petitioner's Final Brief, p. 2. The entirety of Petitioner's "statement of the facts" is:

> Petitioner's family was persecuted in Albania, initially on the basis that they were wealthy merchants, and later due to their political activities.
> These elements of his father's attempt to regain the family's confiscated properties and his political activities caused Petitioner's persecution since he was 8 years old. When Petitioner was 8 years old, he was kidnapped in 1997 due to his father's political activities.
> The family suffered many threats from 1997 to 1999, when they left Albania. Petitioner's father during these 2 years was beaten and the family's store was blown up after they had received threats that it would indeed be blown up.

Petitioner's Final Brief, p. 4. Petitioner then generally attacks the IJ's findings, recites testimony given at the hearing, and argues reasons to conclude Niko's testimony was credible. These details do not bear repeating here, given out findings set forth below.

Petitioner's brief is largely devoted to his argument that substantial evidence did not support the IJ's decision to deny his father's asylum application and claim for protection under the Torture Convention; he also asserts that the IJ's "extreme prejudice" caused her to come to an unfair decision. Petitioner asserts that his family's testimony and other evidence presented demonstrated a well founded fear of persecution, and that the IJ's credibility findings were erroneous. However, as the government correctly contends, citing *Stone v. INS*, 514 U.S. 386, 405-406 (1995), and *Rreshpja v. Gonzales*, 420 F.3d 551, 559 (6th Cir. 2005), this Court has jurisdiction only over the denial of reopening because petitioner did not petition for review of the BIA's denial of relief and protection.

4

The BIA's order dismissing the appeal of the IJ's decision was entered on March 2, 2006. As described above, Petitioner filed a timely motion to reopen that decision on April 7, 2006.[5] The BIA's denial of Petitioner's motion to reopen was issued on August 10, 2006. He filed his petition for review of the dismissal of the motion to reopen with this court on August 29, 2006, and explicitly wrote in that petition that it was the decision on the motion to reopen he was challenging. J.A. 631. As noted by the government, such motions do not toll the thirty-day period in which he could seek judicial review of the order of removal. *Stone*, 514 U.S. at 394. Under these circumstances, we are without jurisdiction to review the decision on the asylum application and claim for protection under the CAT.

Concerning the motion to reopen, the government correctly points out that Petitioner has not made any developed argument on this claim. The Petitioner's sole paragraph on this issue is as follows:

> the BIA abused their discretion first by their incorrect analysis of the IJ's decision and secondly by not finding a prima facie case for asylum by Petitioner based upon an erroneous finding of lack of credibility by Petitioner's father rather than lack of prima facie case upon the claim as written.

Petitioner's brief, pp. 17-18 (same wording on each page). It is asserted by the government that Petitioner's "argument" is so perfunctory that the issue has been waived. Respondent's brief, p. 23, citing *United States v. Johnson*, 440 F.3d 832, 845-46 (6th Cir. 2006). Although it appears to the Court that denial of the appeal on this basis alone would be appropriate, we will address petitioner's remaining arguments below.

---

[5] Pursuant to 8 U.S.C. § 1229a(c)(7)(C)(I), a motion to reopen must be filed within 90 days of the date of entry of a final administrative order of removal. See also 8 C.F.R. § 1003.2(c)(2). Petitions for court review of such orders, however, must be filed within 30 days. 8 U.S.C. § 1252(b)(1).

A motion to reopen removal proceedings to apply for new relief must establish *prima facie* eligibility for that relief. *See INS v. Abudu*, 485 U.S. 94, 104 (1988); *In re Gutierrez-Lopez*, 21 I. & N. Dec. 479, 482 (BIA 1996). Establishing a *prima facie* case of eligibility "requires the applicant to produce objective evidence showing a reasonable likelihood that he can establish that he is entitled to relief. *Sevoian v. Ashcroft*, 290 F.3d 166, 175 (3rd Cir. 2002) (citation omitted); *accord Ordonez v. INS*, 345 F.3d 777, 785 (9th Cir. 2003); *In re SV*, 22 I. & N. Dec. 1306, 1308 (BIA 2000) (en banc) (a *prima facie* case of eligibility must reveal a reasonable likelihood that the requirements for relief have been satisfied).

The BIA may deny a motion to reopen "even if the party moving has made out a prima facie case for relief." 8 C.F.R. § 1003.2(a). That regulation further provides that a motion to reopen removal proceedings "shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing...." 8 C.F.R. § 1003.2(c)(1); *Sako v. Gonzales*, 434 F.3d 857, 863 (6th Cir. 2006). Put another way, evidence must be presented to convince the BIA that "if proceedings before the immigration judge were reopened...the new evidence offered would likely change the result in the case." *Matter of Coelho*, 20 I. & N. Dec. 464, 473 (BIA 1992) (citing *Doherty*, 502 U.S. at 724-25).

Petitioner did not meet these requirements in this case. He supported the motion to reopen with his own asylum application form, a family certificate, a copy of a March 2006 affidavit by Bernd J. Fischer, History Professor and Chair at Indiana University, asserted to be an expert in Albanian affairs, and extracts of materials from the respondent's prior asylum proceedings. J.A. 8-36. None of these items was either material or unavailable at the prior

hearing. The BIA found that Petitioner had failed to establish a *prima facie* case of eligibility for the relief sought. Specifically, the BIA stated that the Petitioner had "[failed] to address the credibility concerns in the respondent's prior asylum proceeding...[i]nasmuch as the new evidence and arguments presented by the [Petitioner] are insufficient to meaningfully challenge the Immigration Judge's prior adverse credibility finding, the [Petitioner] has failed to establish a *prima facie* case of eligibility for the underlying relief sought." J.A. 3.

An examination of the motion to reopen and the attached materials confirm that the motion merely reiterated the dismissed claims made in his father's application. The BIA's determination that the Petitioner's submission "fail[ed] to address the credibility concerns in the respondent's prior asylum proceeding...." cannot be said to be an abuse of discretion. Neither Petitioner's documents nor the historical and political situation in Albania, as described by Professor Fischer, addressed the inconsistencies found by the IJ in Niko's testimony and his application, which the IJ determined were fatal to his claims. Accordingly, we AFFIRM the BIA's denial of Petitioner's motion to reopen.