NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0241n.06
Filed: May 6, 2008

No. 07-3255

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| MARASH KALAJ, et al., | ) |
| | ) |
| Petitioners-Appellants, | ) |
| | ) ON PETITION FOR REVIEW |
| v. | ) OF A DECISION OF THE |
| | ) BOARD OF IMMIGRATION |
| MICHAEL B. MUKASEY, | ) APPEALS |
| | ) |
| Respondent-Appellee. | ) |

Before:        BOGGS, Chief Judge; and MARTIN and SILER, Circuit Judges.

PER CURIAM.  Petitioner Marash Kalaj and his family, natives of Albania, moved to reopen before the Board of Immigration Appeals (BIA) their previously rejected claims of asylum, withholding of removal, and relief under the Convention Against Torture (CAT), based on allegedly deteriorating country conditions in Albania and the ineffective assistance of their previous counsel.  The BIA denied their motion to reopen.  We affirm.

I

This court has addressed this case once before, when it affirmed the BIA's denial of the Kalajs' original petition.  *See Kalaj v. Gonzales*, 185 F. App'x 468 (6th Cir. 2006).  We concluded that there was substantial evidence to support the Immigration Judge's (IJ) adverse

1

credibility finding, and that, even if their testimony were credible, the Kalajs still failed to demonstrate either past persecution or a well-founded fear of future persecution. *Id.* at 471-74. After losing their appeal on the merits, the Kalajs filed an untimely[1] motion with the BIA to reopen proceedings, based on (1) allegedly changed country conditions and (2) ineffective assistance of their former counsel in presenting their original claim.[2]

II

"Generally, we review the Board's denial of a motion to reopen for abuse of discretion." *Allabani v. Gonzales*, 402 F.3d 668, 676 (6th Cir. 2005) (citing *INS v. Doherty*, 502 U.S. 314, 321-22 (1994)). "However, where there is a claim of ineffective assistance of counsel, we review this question of law de novo." *Ibid.*

A

With regard to their first argument, an untimely motion to reopen may be granted under 8 U.S.C. § 1229a(c)(7)(C)(ii) if "the motion . . . is based on changed country conditions arising in the country of nationality . . . if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." *See also* 8 C.F.R. § 1003.2(c)(3)(ii). Importantly, however, "an alien filing a motion to reopen based on changed country conditions cannot rely on speculative conclusions or mere assertions of fear of possible persecution, but instead must offer reasonably specific information showing a real threat of

---

[1] 8 U.S.C. § 1229a(c)(7)(C)(i) states that, subject to limited exceptions, a "motion to reopen shall be filed within 90 days of the date of entry of a final administrative order of removal." *See also* 8 C.F.R. § 1003.2(c)(2). The order of removal here became final when the BIA adopted and affirmed the IJ's decision on February 3, 2005. *See* 8 C.F.R. § 1241.1. The Kalajs filed their motion to reopen on October 25, 2006, more than a year and a half later.

[2] The Kalajs also argue that the BIA should have reopened removal proceedings against them *sua sponte*, and that the BIA's failure to do so denied them due process. This argument is not reviewable by this court. *See Harchenko v. INS*, 379 F.3d 405, 410-11 (6th Cir. 2004) ("[T]his court lacks jurisdiction to find that the BIA abused its discretion by failing to exercise its discretionary authority to reopen [the petitioner]'s proceedings. . . . The decision whether to invoke *sua sponte* authority is committed to the unfettered discretion of the BIA.") (citing cases).

*individual* persecution. . . . The feared persecution must relate to the alien *individually*, not to the population generally." *Harchenko v. INS*, 379 F.3d 405, 410 (6th Cir. 2004) (internal quotation omitted) (emphasis added).

The Kalajs' proffered "evidence" falls woefully short of this standard. It consists of a random collection of Internet articles principally describing on-going political tension between the ruling Democrats and the opposition Socialists in Albania, along with two country reports (one from the U.S. State Department and a second from a now-defunct human rights organization) describing both positive and negative developments in Albania's recent human rights record. There is nothing even remotely individualized in these documents, and we will not find that the BIA abused its discretion in refusing to reopen a case when presented with such equivocal and anecdotal evidence of changed country conditions. We have repeatedly rejected similar attempts by Albanian petitioners to reopen their asylum cases based on largely unsubstantiated allegations of worsening conditions in their home country. *See, e.g.*, *Vata v. Gonzales*, 243 F. App'x 930, 947 (6th Cir. 2007) (upholding denial of motion to reopen because petitioner did not submit "evidence of *changed* country conditions in Albania[; r]ather, the allegedly new and material evidence depict[ed] a level of corruption and intolerance that has plagued Albania throughout the past decade"); *Vuthi v. Gonzales*, 209 F. App'x 470, 473 (6th Cir. 2006) (upholding denial of motion to reopen where "reports and articles" were neither individualized nor indicative of a deterioration of conditions in Albania).

B

With regard to the Kalajs' second argument, there is no explicit statutory or regulatory authority permitting an untimely motion to reopen based on a claim of ineffective assistance of counsel, but some courts have held that the 90-day time limit may be equitably tolled to enable a

deserving petitioner to bring such a claim. *See, e.g.*, *Iavorski v. INS*, 232 F.3d 124, 133 (2d Cir. 2000); *Socop-Gonzalez v. INS*, 272 F.3d 1176, 1181 (9th Cir. 2001) (en banc). This circuit, however, "has never, in a controlling and published opinion, followed suit." *Ajazi v. Gonzales*, 216 F. App'x 515, 518 (6th Cir. 2007). We need not decide the question, because even if we were inclined to apply equitable tolling to permit the Kalajs' claim to go forward, it would still fail for lack of prejudice. *Cf. Miculi v. Ashcroft*, 96 F. App'x 338, 340 (6th Cir. 2004) (declining to address equitable tolling argument because petitioner failed to demonstrate prejudice regardless).

In order to prevail on a claim of ineffective assistance of counsel, the petitioner must both meet the procedural requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), and "show that he or she was prejudiced by the actions or inactions of counsel." *Sako v. Gonzales*, 434 F.3d 857, 863 (6th Cir. 2006) (quoting *Matter of Assaad*, 23 I. & N. Dec. 553, 556 (BIA 2003)). There is no dispute that the Kalajs adhered to the procedural requirements of *Lozada*. But they have utterly failed to demonstrate prejudice. The Kalajs complain that their former counsel did not give the IJ corroborating documents until the day of their hearing, whereupon the IJ refused to consider the documents since they were untimely filed. They also accuse their former counsel of falsifying one document's notarization, which the IJ attributed to Mr. Kalaj and formed part of the basis for his adverse credibility finding. Nevertheless, both the IJ and this court on appeal expressly held that, *even presuming the Kalajs' credibility*, their claim would still fail because they could not demonstrate either past persecution or a well-founded fear of future persecution. *See Kalaj*, 185 F. App'x at 472-74. Thus, even if the Kalajs' former counsel had not made any of the missteps they tax her with, and presented all of the material

4

they now wish had been before the IJ, it would have made no difference to the outcome of their case.  They have therefore suffered no prejudice.

III

The decision of the BIA denying the Kalajs' untimely motion to reopen is affirmed.

5