NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0621n.06

No. 08-3692

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED
Aug 31, 2009
LEONARD GREEN, Clerk**

STELA STENAJ,                                    )
                                                 )
            Petitioner,                          )          ON PETITION FOR REVIEW
                                                 )          OF AN ORDER OF THE BOARD
       v.                                        )          OF IMMIGRATION APPEALS
                                                 )
ERIC H. HOLDER, JR.,                             )              **O P I N I O N**
Attorney General,                                )
                                                 )
            Respondent.                          )
_____          )

**Before:  BOGGS, ROGERS, and WHITE, Circuit Judges.**

**WHITE, Circuit Judge.**  Petitioner Stela Stenaj, also known as Stela Lekaj, seeks review of the Board of Immigration Appeals's (BIA) denial of her motion to reopen immigration proceedings.  We DISMISS the petition for review in part for lack of jurisdiction, and otherwise DENY the petition.

**I**

In May 2000, petitioner and her then-husband Mirash Stenaj, who are both natives of Albania, entered the United States at Miami International Airport, traveling on fraudulent Italian passports.  They sought admission to the United States under the Visa Waiver Pilot Program, but were denied.  They subsequently filed an application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).  The Immigration Judge denied relief on all claims on April 23, 2004, and the BIA affirmed on October 31, 2005.  The Stenajs petitioned this

court for review, and in February 2007 we affirmed the BIA's decision.  *See Stenaj v. Gonzales*, 227 F. App'x 429 (6th Cir. 2007).

In June 2007, petitioner and her husband divorced.  On December 18, 2007, petitioner filed a motion to reopen her immigration proceedings with the BIA.  In this motion, petitioner set forth her family's extensive history with the Albanian Democratic Party.[1]  Petitioner asserted that her ex-husband had threatened her life, and that she feared that his family would kill her or force her into prostitution if she returned to Albania.  In support of her motion, she submitted several affidavits from family and friends noting her divorce and their concerns for her safety, as well as newspaper articles from 2006 reporting on a missile attack by an unnamed armed group on a tower, a physical confrontation in parliament between Democratic and Socialist members, and allegations of prisoner mistreatment and torture by Albanian police.  Petitioner also relied on the State Department's 2005 country report on human rights practices in Albania.

The BIA denied petitioner's motion to reopen on May 8, 2008, concluding that the motion was untimely and that petitioner did not qualify for an exception because she did not demonstrate changed circumstances arising in Albania.  The BIA noted that petitioner's divorce did not qualify as a changed circumstance.  Further, the BIA determined that even accepting *arguendo* petitioner's assertions that her ex-husband had threatened her life and that she feared that his family would kill her or force her into prostitution, she did not demonstrate that the threats were based on her political affiliation or opinion so as to qualify for asylum on that basis.  The BIA also observed that some of the documentation petitioner provided to show changed country conditions in Albania predated the earlier denial of asylum and could have been submitted earlier.  As for the more recent

---

[1]As this court previously discussed, petitioner's father was a police chief in the Albanian town of Shkoder who fled his home when the Socialists came to power in 1997.  *Stenaj*, 227 F. App'x at 430.

documentation purporting to show the situation in Albania, the BIA noted that the affidavits of petitioner's father and a family friend did not "reference any changed circumstance in Albania since the Board['s] decision of October 2005, and [are] therefore not material to this case." The BIA deemed a 2006 article discussing allegations of torture by Albanian police to be immaterial because the article did not indicate the victims were tortured based on their political opinion or party affiliation. Similarly, the BIA found a newspaper article discussing a missile strike in Albania by an armed group to be immaterial because the article did not make reference to any political basis for the attack. The BIA considered petitioner's proffered newspaper articles regarding continued political turmoil in Albania, but noted that "at most, [they] indicate that political turbulence between parties remains present in Albania, and therefore do not reflect that country conditions have actually changed in that regard since [petitioner] first sought asylum."[2] Finally, the BIA concluded that petitioner had not shown why the current Albanian government, which is dominated by the Democratic Party, would be motivated to harm her, as she is "someone from a family with a long history of allegiance and devotion to that party." Noting that the BIA may deny a motion to reopen when an alien fails to establish a prima facie case of eligibility for the relief sought, the BIA determined that the documents petitioner submitted "do not indicate that [she] has a well-founded fear of persecution based on her political opinion should she return to Albania."

Petitioner filed a timely notice of petition for review with this court. We have jurisdiction under 8 U.S.C. § 1252. Another panel of this court ordered that petitioner's removal be stayed pending our review of her petition.

**II**

---

[2]The BIA also observed that a more recent State Department country report noted a smoother political transition in recent Albanian elections.

We review the denial of a motion to reopen for an abuse of discretion. *Tapia-Martinez v. Gonzales*, 482 F.3d 417, 421 (6th Cir. 2007). Issues of law are reviewed de novo. *Id.* "The Supreme Court has made clear that reopening is discretionary with the BIA and that the BIA retains broad discretion to grant or deny such motions. Because the BIA has such broad discretion, a party seeking reopening or reconsideration bears a 'heavy burden.'" *Alizoti v. Gonzales*, 477 F.3d 448, 451 (6th Cir. 2007) (citing *INS v. Doherty*, 502 U.S. 314, 323 (1992)); *see also Daneshvar v. Ashcroft*, 355 F.3d 615, 625 (6th Cir. 2004) (noting that the discretion "is broad but it is not unlimited"). "The BIA abuses its discretion when it acts arbitrarily, irrationally or contrary to law." *Sswajje v. Ashcroft*, 350 F.3d 528, 532 (6th Cir. 2003). In determining whether an abuse of discretion occurred, we must decide whether the denial of the motion to reopen "was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group." *Allabani v. Gonzales*, 402 F.3d 668, 675 (6th Cir. 2005) (quotation marks omitted).

A party must generally file a motion to reopen "within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(C)(i); *see also* 8 C.F.R. § 1003.2(c)(2). "The time limits for filing a motion to reopen 'are crystal clear.'" *Barry v. Mukasey*, 524 F.3d 721, 723 (6th Cir. 2008) (quoting *Randhawa v. Gonzales*, 474 F.3d 918, 920 (6th Cir. 2007)). However, one exception to this ninety-day time limit is for motions "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii) ("The time and numerical limitations . . . shall not apply to a motion to reopen proceedings . . . [t]o apply or reapply for asylum or withholding of deportation based on changed circumstances arising in the

country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing[.]").

## A.

The BIA did not abuse its discretion in denying petitioner's untimely motion to reopen. The BIA's opinion carefully addressed all pertinent points, and its explanation for denying petitioner's motion was rational. The BIA correctly observed that many of the documents petitioner submitted with her motion to reopen are immaterial and add nothing new to matters previously addressed in the proceedings that culminated in this court's prior opinion affirming the BIA's denial of petitioner's request for asylum, withholding of removal, and relief under the CAT. As for the more recent documentation purporting to illustrate political tensions in Albania between Socialists and the ruling Democrats, "[t]here is nothing even remotely individualized in these documents." *See Kalaj v. Mukasey*, 276 F. App'x 465, 467 (6th Cir. 2008). Moreover, it is worth recalling that "[t]his court has . . . repeatedly concluded that the conditions in Albania have improved to such an extent that there is no objective basis for a well-founded fear of future persecution based on political or religious beliefs." *Ceraj v. Mukasey*, 511 F.3d 583, 593 (6th Cir. 2007).

Additionally, the BIA's treatment of the alleged threats by petitioner's now-former husband and her fear of his family if she were to return to Albania was proper. An asylum and withholding of removal claim fails where, as here, the petitioner "fears retribution solely over personal matters." *See Zoarab v. Mukasey*, 524 F.3d 777, 781 (6th Cir. 2008) (observing that "[c]ourts have routinely rejected asylum applications grounded in personal disputes because 'without a firm footing in one of the five protected bases, asylum law offers no succor'") (citation omitted). "[P]urported persecution must be grounded in one of five statutorily defined categories: race, religion, nationality,

membership in a particular social group, or political opinion." *Id.* at 780 (citing 8 U.S.C. § 1101(a)(42)). Petitioner offered no evidence to support that her fears of her ex-husband and his family in Albania are rooted in a fear of political persecution rather than her concern about personal retribution. The BIA also did not err in similarly disposing of the proffered articles discussing allegations of torture by Albanian police and reporting on an armed group's missile attack on a tower, as no evidence was presented to the BIA that the conduct was politically motivated.

Finally, to the extent the BIA denied the motion to reopen for failing to present a prima facie case, the BIA did not abuse its discretion.[3] "In order to justify the reopening of proceedings based on changed country conditions, the movant 'cannot rely on speculative conclusions or mere assertions of fear of possible persecution, but instead must offer reasonably specific information showing a real threat of individual persecution.'" *Al Roumy v. Mukasey*, 290 F. App'x 856, 859 (6th Cir. 2008) (quoting *Harchenko v. INS*, 379 F.3d 405, 410 (6th Cir. 2004)). Petitioner has not offered such information in this case, and thus the BIA did not err in determining that petitioner did not present a well-founded fear of political persecution should she return to Albania.

In sum, we find no abuse of the BIA's discretion in its denial of petitioner's motion to reopen.[4]

---

[3]The BIA may properly deny a motion to reopen not only for "failure to introduce previously unavailable, material evidence," but also for "failure to establish a prima facie case for the relief sought." *See Zhang v. Mukasey*, 543 F.3d 851, 854 (6th Cir. 2008) (quoting *INS v. Doherty*, 502 U.S. 314, 323 (1992) (quotation marks omitted)).

[4]Insofar as petitioner points to her divorce as a changed circumstance warranting reopening, we previously determined that a petitioner's divorce is a "purely personal change in circumstances" that does not constitute changed country conditions or circumstances. *Haddad v. Gonzales*, 437 F.3d 515, 517 (6th Cir. 2006). Moreover, our opinion in *Zhang*, 543 F.3d at 857-59, requiring an alien subject to a final order of removal for more than 90 days to first make a successful motion to reopen before a successive asylum application alleging a changed personal circumstance can be considered, casts doubt on this argument.

**B.**

Stenaj also argues that the BIA abused its discretion by not reopening her immigration proceedings *sua sponte* under 8 C.F.R. § 1003.2(a), which provides that the BIA "may at any time reopen or reconsider on its own motion any case in which it has rendered a decision." We have previously held that this court "lacks jurisdiction to find that the BIA abused its discretion by failing to exercise its discretionary authority to reopen [a petitioner]'s proceedings. . . . The decision whether to invoke *sua sponte* authority is committed to the unfettered discretion of the BIA . . . [and is] not subject to judicial review." *Harchenko*, 379 F.3d at 410-11 (citations and quotation marks omitted); *see also Barry*, 524 F.3d at 724 (observing that "Sixth Circuit law is clear" that we lack jurisdiction to review a decision by the BIA not to exercise its *sua sponte* authority). Thus, we must dismiss the petition for lack of jurisdiction insofar as it requests that this court review the BIA's failure to exercise its *sua sponte* authority. *See Barry*, 524 F.3d at 726.

**III**

Finding no abuse of the BIA's broad discretion in this matter, we DENY the petition for review. We DISMISS the petition insofar as we lack jurisdiction to review the BIA's failure to exercise its *sua sponte* authority. The stay of removal that this court previously granted in this petition is VACATED.