**NOT RECOMMENDED FOR PUBLICATION**
File Name: 10a0495n.06

No. 09-3268

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Aug 10, 2010**
LEONARD GREEN, Clerk

| | |
|---|---|
| ALMA VUSHAJ, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) PETITION FOR REVIEW OF AN |
| | ) ORDER OF THE BOARD OF |
| | ) IMMIGRATION APPEALS |
| ERIC H. HOLDER, JR., Attorney General, | ) |
| | ) |
| Respondent. | ) |

Before: SILER and SUTTON, Circuit Judges; CLELAND, District Judge.[*]

**SILER**, Circuit Judge. Alma Vushaj is a native and citizen of Albania who attempted to enter the United States illegally. The Immigration and Naturalization Service ("INS"), now the Department of Homeland Security ("DHS"),[1] charged her as inadmissible and initiated exclusion proceedings. Vushaj applied for asylum and withholding of removal, but the Immigration Judge ("IJ") denied her application for relief and ordered her removed to Albania. The Board of Immigration Appeals ("BIA" or "Board"), and later the Sixth Circuit, dismissed her appeals. Vushaj then moved the Board to reopen her case. The motion was untimely, and the Board denied her

---

[*]The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation.

[1]The INS was responsible for immigration matters at the time Vushaj entered the United States. On March 1, 2003, the functions of the former INS were transferred from the Department of Justice to the newly-established DHS. *See* Homeland Security Act of 2002, Pub. L. No. 107-926, 116 Stat. 2135 (Nov. 25, 2002).

motion because it found that she failed to show materially changed conditions in Albania that would entitle her to a new hearing. Vushaj now petitions for review of this denial. For the reasons explained below, we **DENY** her petition for review.

## FACTUAL AND PROCEDURAL BACKGROUND

Vushaj entered the United States on a false passport in December 1992. Upon arrival in the United States, she was placed in exclusion proceedings and charged with inadmissibility under §§ 212(a)(6)(C)(i) and 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA"). She conceded inadmissibility and filed an application for asylum and withholding of removal based on her fear of political persecution in Albania. She claimed her family suffered persecution in Albania for their membership in the Democratic Party, and she alleged fear of "rape or being killed" if returned to Albania.

At the only relevant hearing before an IJ, Vushaj established past persecution, but the DHS rebutted the regulatory presumption of future persecution created by that finding under 8 C.F.R. § 208.13(b)(1)(i) by establishing a "substantial change in country conditions and circumstances" since Vushaj's departure from Albania. Relying mainly on State Department reports on Albania,[2] the IJ found that any danger to Vushaj would be the result of the "high crime and violence" prevalent in Albania, rather than any politically motivated persecution for her association with the Democratic Party. As a result, the IJ denied Vushaj's requests for relief and ordered her removed to Albania.

---

[2]Vushaj challenged the use of these Country Reports in her original appeal and in her motion to reopen; however, because she failed to raise the issue on this appeal, she has waived it. *See Langley v. DaimlerChrysler Corp.*, 502 F.3d 475, 483 (6th Cir. 2007).

The Board found no error in the IJ's decision and dismissed Vushaj's appeal in 2006. We denied

her petition for review on July 10, 2008.

Vushaj moved the Board to reopen its decision on August 7, 2008, over two years after its

final decision. She claimed that "conditions in Albania have deteriorated" since her last hearing,

entitling her to either a grant of asylum or the reopening of her case. In support of this claim, she

attached affidavits from her parents and an expert on Balkan country conditions. The Board denied

the motion to reopen in 2009. It reasoned that the attached affidavits attested to events predating the

Board's decision, and "there is no adequate explanation for why the evidence was not presented in

a timely manner." Vushaj now seeks review of this denial.

**STANDARD OF REVIEW**

We review the Board's denial of a motion to reopen for an abuse of discretion. *Haddad v.

Gonzales*, 437 F.3d 515, 517 (6th Cir. 2006). We review legal issues in a motion to reopen de novo.

*Id*.

**DISCUSSION**

*I. Standard*

After the BIA has rendered a decision dismissing an appeal from an order denying asylum

or withholding of removal, an alien may file a motion to reopen with the BIA. 8 U.S.C.

§1229a(c)(7); 8 C.F.R. § 1003.2(a). Generally, such a motion must be filed within ninety days of

the date of final decision. § 1229a(c)(7)(C)(i). However, an alien may seek to reopen her

application for asylum or withholding of removal at any time if the motion is "based on changed

country conditions arising in the country of nationality or the country to which removal has been

ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." § 1229a(c)(7)(C)(ii); *see* 8 C.F.R. § 1003.2(c)(3)(ii). The motion to reopen must therefore state new facts that the alien seeks to prove at a hearing should the motion be granted. 8 C.F.R. § 1003.2(c)(1).

When an alien files an untimely motion to reopen under § 1229a(c)(7)(C)(ii), the newly discovered facts of changed country conditions must support her underlying claims for asylum or withholding of removal. The BIA has broad discretion to grant or deny motions to reopen. 8 C.F.R. § 1003.2(a). It abuses its discretion if it denies a motion to reopen "without a rational explanation, inexplicably depart[s] from established policies, or rest[s] on an impermissible basis such as invidious discrimination against a particular race or group." *Haddad*, 437 F.3d at 517. In other words, the BIA may not "exercise its discretion in a way that is arbitrary, irrational or contrary to law." *Daneshvar v. Ashcroft*, 355 F.3d 615, 625-26 (6th Cir. 2004) (citing *Babai v. INS*, 985 F.2d 252, 255 (6th Cir. 1993)).

## II. Application

Vushaj's untimely motion to reopen must state changed country conditions that were undiscoverable at her prior hearing. She bears the burden of alleging, with reasonable specificity, that conditions in Albania have changed since the Board's final decision on June 6, 2006, in such a way that she would now face persecution if returned to that country. *See Harchenko v. INS*, 379 F.3d 405, 409 (6th Cir. 2004) (finding 90-day filing deadline does not apply to motion to reopen "filed by aliens seeking asylum or withholding of deportation based on changed country circumstances"). She has failed to meet that burden.

Vushaj's motion contains several conclusory statements that do not constitute "new facts." Her most specific allegation is that "delayed local and regional elections continued the Socialist Party's stranglehold on the local and regional level which leads to the national government's inability to protect the Movant or her children." Even assuming that this is a new fact, this allegation applies to the population as a whole, and Vushaj's motion and brief fail to connect the political instability in Albania with her own situation. *See id.* at 410.

Vushaj also submitted an affidavit from Prenk Camaj, an expert on Albania.[3] The Board found that Camaj's affidavit "attests to events that predate our prior decision." This is not entirely true. Although Camaj included a great deal of historical background, he did attest to at least three political developments since June 2006: (1) the upheaval in the Parliament in July 2006; (2) the 2007 elections in which the Socialist Party regained control over local and regional governments; and (3) his claim that political killings have "reached a peak" in 2007 and 2008. However, Camaj's affidavit failed to show that Vushaj will be subject to individual persecution as a result of the political tension he describes. Additionally, Vushaj did not submit any other evidence to corroborate this affidavit. These allegations, without additional support, do not carry the heavy burden of showing that Vushaj would face a real threat of individual persecution if returned to Albania.[4]

---

[3]Vushaj's motion to reopen also included affidavits from her father and mother. Neither affidavit states any specific facts that tend to prove changed country conditions since 2006.

[4]Camaj's affidavit also includes an allegation that Vushaj would be vulnerable to forced prostitution as "political retribution," and because she is "pretty." This allegation is speculative and conclusory. *See Harchenko*, 379 F.3d at 410 ("[A]n alien filing a motion to reopen based on changed country conditions 'cannot rely on speculative conclusions or mere assertions of fear of possible persecution …'").

The Board's decision that "the evidence submitted in the motion does not establish changed country conditions subsequent to our prior decision that establish a particularized claim for the applicant that would warrant reopening," did not inexplicably depart from established policies, nor was it arbitrary or irrational. The decision was consistent with statutory and regulatory standards and as such was not an abuse of discretion.

**PETITION FOR REVIEW DENIED**.