NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0092n.06

No. 10-4315

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Jan 26, 2012*

LEONARD GREEN, Clerk

MARASH KALAJ; LUCE KALAJ,                )
                                          )
          Petitioners,                    )
                                          )     ON PETITION FOR REVIEW
v.                                        )     FROM A FINAL ORDER OF THE
                                          )     BOARD OF IMMIGRATION
ERIC H. HOLDER, JR., Attorney General,    )     APPEALS
                                          )
          Respondent.                     )

Before: MARTIN, SUTTON, and BALDOCK[*], Circuit Judges.

PER CURIAM. Marash and Luce Kalaj, husband and wife, petition for review of an order by the Board of Immigration Appeals (Board) denying their motion to reopen their removal proceedings.

The Kalajs were born in Albania and came to the United States in 2000. They overstayed their visitor's visas and subsequently applied for asylum, withholding of removal, and relief under the Convention Against Torture. Their applications were finally denied in 2005. They then moved to reopen their case, citing ineffective assistance of counsel and a change in the country's conditions. That motion was denied and we affirmed. *Kalaj v. Mukasey*, 276 F. App'x 465, 468 (6th Cir. 2008).

The Kalajs proceeded to file yet another motion to reopen their proceedings, this time on the ground that they were eligible for adjustment of status based on their naturalized son's approved visa

---

[*]The Honorable Bobby Baldock, Circuit Judge of the United States Court of Appeals for the Tenth Circuit, sitting by designation.

petitions. The memorandum in support of this motion also noted that the Kalajs were suffering from hypertension, gastrititis, hyperlipidemia, degenerative joint disease, and an eye infection. They again argued that conditions in Albania had changed for the worse. The Board denied the motion, holding that it was untimely and number-barred, and that no exceptional circumstances existed that would warrant the Board's sua sponte reopening of the case.

In their timely appeal, the Kalajs argue that they demonstrated a change in Albania's conditions sufficient to excuse the untimely and successive nature of their motion. Alternatively, they argue that the Board should have reopened the case sua sponte because they are eligible for adjustment of status and have health problems.

The denial of a motion to reopen is reviewed for an abuse of discretion. *Denko v. INS*, 351 F.3d 717, 723 (6th Cir. 2003). An abuse of discretion will be found where the Board's decision is without rational explanation, inexplicably departs from established policies, or is based on invidious discrimination. *Haddad v. Gonzales*, 437 F.3d 515, 517 (6th Cir. 2006).

The Kalajs are limited to one motion to reopen and the motion must be filed within ninety days of the final order of removal. *See* 8 U.S.C. § 1229a(c)(7). An exception to this limit is made where a petitioner applies for asylum or withholding of removal based on changed conditions in the country of removal. 8 C.F.R. § 1003.2(c)(3)(ii). The Kalajs argue on appeal that their motion satisfies this exception. However, their motion, while mentioning a change in conditions in the memorandum, was based on their eligibility for an adjustment of status, which is not an authorized exception. Moreover, even if this issue had been properly raised below, the Kalajs failed to demonstrate that conditions in Albania have changed for the worse since their original application for asylum or their first motion to reopen. *See Pllumi v. Attorney Gen. of the U.S.,* 642 F.3d 155, 161 (3d Cir. 2011).

Alternatively, the Kalajs argue that the Board could have sua sponte reopened their case due to their eligibility for adjustment of status and their health conditions. However, we lack jurisdiction to review the denial of a motion to reopen sua sponte. *Gor v. Holder*, 607 F.3d 180, 187-88 (6th Cir. 2010), *cert. denied,* 131 S. Ct. 3058 (2011).

Accordingly, the petition for review is denied.