NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0125n.06

No. 10-4046

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

Feb 01, 2012

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| LAURETA SOKOLI, aka Anita Kolombi, | ) | |
| | ) | |
| Petitioner, | ) | ON PETITION FOR REVIEW |
| | ) | FROM AN ORDER OF THE |
| v. | ) | BOARD OF IMMIGRATION |
| | ) | APPEALS |
| ERIC H. HOLDER, JR., Attorney General, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

BEFORE: MOORE and GRIFFIN, Circuit Judges; and QUIST, District Judge.[*]

GRIFFIN, Circuit Judge.

Petitioner Laureta Sokoli seeks review of the Board of Immigration Appeals' ("BIA") denial of her motion to reopen her removal proceedings. In addition, Sokoli moves "to remand or for entry of positive decision" based upon a newly approved Form I-130. For the reasons that follow, we deny the petition for review, deny the motion to remand, and affirm the BIA's decision.

I.

Sokoli, a native and citizen of Albania, was served with a Notice to Appear on August 10, 2004. The Notice charged Sokoli with removability pursuant to Immigration and Nationality Act ("INA") sections 212(a)(6)(C)(i), 8 U.S.C. § 1182(a)(6)(C)(i) (alien who by fraud or willful misrepresentation sought to procure a visa, other documentation, admission to the United States, or

---

[*]The Honorable Gordon J. Quist, Senior United States District Judge for the Western District of Michigan, sitting by designation.

immigration benefit), and 212(a)(7)(A)(i)(I), 8 U.S.C. § 1182(a)(7)(A)(i)(I) (alien present without valid immigration visa). On October 1, 2004, Sokoli conceded removability and filed an application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

During her immigration hearing, Sokoli testified that she left Albania in 2004 because her life was in danger. Sokoli described an incident where she was kidnapped by three masked men who attempted to rape her. When Sokoli cried for help, the police were summoned and the perpetrators arrested. Thereafter, the men were released without charge. Sokoli believed that this kidnapping was the result of her father's political activity in support of the Albanian Democratic Party. Sokoli also believed that the kidnappers intended to sell her into human trafficking.

On September 14, 2007, the Immigration Judge ("IJ") issued a written decision denying Sokoli's petition for relief. Based upon Sokoli's testimony and other submitted evidence, the IJ found Sokoli was not credible, and therefore unable to establish eligibility for asylum, withholding of removal, or protection under the CAT. The IJ specifically noted several inconsistencies between Sokoli's testimony, her asylum application, and other evidence. The IJ also noted the "absolute vagueness" of Sokoli's testimony.

Thereafter, assuming Sokoli's credibility, the IJ also denied her petition on the merits. Sokoli asserted eligibility for asylum on two grounds: (1) persecution based upon her father's political activity; and (2) persecution based upon her status as a young woman likely to be sold into human trafficking. With regard to the first claim, the IJ held that Sokoli had failed to establish a nexus between the attempted kidnapping and her father's political activities. With regard to the second

claim, the IJ held that all young Albanian women could not constitute a protected "social group" for purposes of asylum. Thus, the IJ held that Sokoli was not eligible for asylum or withholding of removal. With regard to her claim for protection under the CAT, the IJ held that there was no evidence explaining why Sokoli's alleged kidnappers were released from police custody without charge, and, thus, there was no evidence that the government was unwilling to control this type of criminal behavior. Accordingly, Sokoli was denied all forms of requested relief.

The BIA affirmed the IJ's decision on October 31, 2008, upholding the adverse credibility finding, as well as the findings on the merits. Sokoli did not seek further review of this decision. Rather, on June 28, 2010, Sokoli filed an untimely motion to reopen with the BIA, asserting that changed country conditions in Albania warranted the reopening of her removal proceedings.

Sokoli filed several pieces of new evidence alongside her motion to reopen, including affidavits from her husband, father-in-law, and an alleged expert on country conditions in Albania.[1] The affidavits of Sokoli's husband and father-in-law described an alleged phone call from Sokoli's father, in which he informed both men that Albania's secret police had come to his home looking for Sokoli in June 2010. The secret police threatened that Sokoli would be harmed as revenge against her husband, a United States asylee. The lengthy expert affidavit described several events

---

[1]Sokoli also filed an I-797C notice relating to the filing of an I-130 petition for alien relative by Sokoli's husband, an ABC News article, a March 2006 United Nations High Commissioner for Refugees position paper, her marriage license, the birth certificates for her three children, and an I-94 parole document. The vast majority of these documents were available during Sokoli's 2007 immigration hearing and thus cannot support a motion to reopen. 8 U.S.C. § 1229a(c)(7)(C)(ii), 8 C.F.R. § 1003.2(c)(3)(ii). The remaining documents do not support a finding of changed country conditions.

in Albania, many of which occurred prior to Sokoli's hearing before the IJ. With regard to recent events, however, the affidavit described a tense political environment in Albania, a hunger strike by Socialist members of Albania's parliament, a contested election, and a number of politically motivated killings. The affidavit also asserted that because Sokoli is now married to a United States asylee, she is likely to be persecuted upon her return to Albania.

On August 23, 2010, the BIA denied Sokoli's motion to reopen. Because the motion was not filed within 90 days of the October 2008 decision, the BIA held that Sokoli was required to establish changed country conditions. With regard to her original claims, the BIA noted that Sokoli had failed to address the IJ's adverse credibility determination. With regard to her new claim of persecution based on her marriage to an asylee, the BIA noted that Sokoli had failed to file a new asylum application as required by 8 C.F.R. § 1003.2(c)(1), and otherwise failed to explain the details of the claim. While Sokoli "vaguely" alleged recent secret police interest in her relating to "rising Socialist Party strength" and her husband's asylee status, the BIA held that recent country condition information did not support her assertions. Accordingly, the BIA held that Sokoli failed to establish a material change in country conditions and denied her motion to reopen. Sokoli thereafter filed this petition for review.

II.

Sokoli appeals the BIA's denial of her motion to reopen. "The decision to grant or deny a motion to reopen . . . is within the discretion of the [BIA]," 8 C.F.R. § 1003.2(a), and our review is for an abuse of discretion. *Zhang v. Mukasey*, 543 F.3d 851, 854 (6th Cir. 2008). The Supreme

Court has made clear that the BIA retains broad discretion to deny such motions. *I.N.S. v. Doherty*, 502 U.S. 314, 323 (1992). The Court has also stated that a motion to reopen is analogous to a "motion for a new trial in a criminal case on the basis of newly discovered evidence, as to which courts have uniformly held that the moving party bears a heavy burden." *I.N.S. v. Abudu*, 485 U.S. 94, 110 (1988).

We have explained that the BIA abuses its discretion if its denial "was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group." *Alizoti v. Gonzales*, 477 F.3d 448, 453 (6th Cir. 2007) (internal quotation marks and citation omitted). Moreover, the BIA will deny a motion to reopen if the movant cannot establish a prima facie showing of eligibility for the underlying requested relief. *Id.* at 451-52. Thus, Sokoli must show that there is a "reasonable likelihood," if her case is reopened, that she will be able to establish "a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion," and that the evidence supporting her motion "was not available and would not have been discovered or presented at the previous proceeding." *Id.* at 452 (internal quotation marks and citation omitted); 8 U.S.C. §§ 1229a(c)(7)(C)(ii), 1101(a)(42)(A), 1158(b)(1). In addition, because Sokoli's motion is time-barred under 8 U.S.C. § 1229a(c)(7)(C)(i), which requires an asylum applicant to file a motion to reopen "within 90 days of the date of entry of a final administrative order of removal[,]" she is required to establish materially changed country conditions

in Albania between the IJ's 2007 denial of her asylum application and her 2010 motion to reopen. 8 U.S.C. § 1229a(c)(7)(C)(ii).

In denying Sokoli's motion, the BIA first noted that Sokoli failed to address the IJ's adverse credibility finding regarding her original claims for relief. With regard to Sokoli's new claim of persecution based upon her marriage to an asylee, the BIA held that this claim was not properly presented in a new asylum application as required by 8 C.F.R. § 1003.2(c)(1). Moreover, the BIA held that the "[c]ountry conditions information presented by the DHS d[id] not give any indication that the Albanian secret police are likely to persecute or torture anyone on the sole basis that they are related to people who have been granted asylum in the United States." Finally, the BIA held that the "vague allegations" in Sokoli's motion to reopen were insufficient to meet her burden in establishing changed country conditions. These reasons are well-supported by the record and are not an abuse of discretion.

The determination of current country conditions is well-within the purview of the BIA. *See I.N.S. v. Ventura*, 537 U.S. 12, 16-18 (2002). Thus, we will overturn such a determination only if "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Simply put, the record in this case does not compel a contrary result. While Sokoli's alleged expert asserts that political tensions in Albania are escalating, the Democratic Party is still in power. Moreover, many of the assertions in the expert affidavit are unsupported or contradicted by the 2009 Human Rights Report by the Department of State. *See Vushaj v. Holder*, 389 F. App'x 512, 514-15 (6th Cir. 2010) (noting that an uncorroborated expert report on Albanian country

conditions was insufficient to establish changed country conditions); *Trifoni v. Holder*, 351 F. App'x 19, 24 (6th Cir. 2009) (noting with approval the BIA's rejection of an uncorroborated expert opinion in favor of country condition reports).[2]

With regard to the alleged threat against Sokoli for being the wife of a United States asylee, there is nothing in the record providing details regarding Sokoli's husband and the reason he was granted asylum.[3]  Moreover, Sokoli's bare assertion that she will be persecuted simply because her husband is an asylee is not supported by the country reports.  Finally, Sokoli did not address the IJ's adverse credibility finding in her motion to reopen, providing an additional reason to doubt the validity of her new claim.[4]  *See Zhang v. Mukasey*, 543 F.3d at 855 (noting petitioner's failure to rehabilitate her credibility for purposes of her motion to reopen); *Abeshi v. Mukasey*, 259 F. App'x

---

[2]We have previously noted that political conditions in Albania are much improved.  *See Stenaj v. Holder*, 344 F. App'x 244, 247-48 (6th Cir. 2009); *Ndrecaj v. Mukasey*, 522 F.3d 667, 676 (6th Cir. 2008) (internal quotation marks and citation omitted) ("Thus, on the basis of published reports of Albania's political development, we have previously stated that the conditions in Albania are fundamentally changed[.]"); *Ceraj v. Mukasey*, 511 F.3d 583, 593 (6th Cir. 2007) ("This court has . . . repeatedly concluded that the conditions in Albania have improved to such an extent that there is no objective basis for a well-founded fear of future persecution based on political or religious beliefs.").

[3]Additionally, Sokoli's marriage is not a changed *country* condition, but a changed *personal* condition.  *See Niyibizi v. Mukasey*, 300 F. App'x 371, 375 (6th Cir. 2008) (noting that changes in country conditions do not arise in "cases deal[ing] solely with a static country condition that would now affect the applicant due to a personal choice the applicant made while in this country").

[4]Sokoli does not assert that the BIA abused its discretion in finding that her failure to rebut the adverse credibility finding prevents the reopening of her removal proceedings on the basis of her original claims.

775, 778-79 (6th Cir. 2008) (same). Accordingly, the BIA's denial of Sokoli's motion to reopen was not an abuse of discretion. As a result, we must deny Sokoli's petition for review.

III.

On November 1, 2011, after this matter was fully briefed before this court, Sokoli moved for "remand or for entry of positive decision." During the pendency of Sokoli's removal proceedings, Sokoli's husband filed a visa petition for alien relative, Form I-130, on behalf of Sokoli. The I-130 was approved on November 4, 2010, after the BIA denied Sokoli's motion to reopen. Sokoli asserts that because she has "a new form of relief available to her," we should remand this matter "so that she may adjust her status."

Sokoli, however, cites to no authority supporting the grant of her motion. Indeed, as we have previously noted, we are without statutory authority to remand or provide positive relief under these circumstances. *Peci v. Holder*, 379 F. App'x 499, 507 (6th Cir. 2010). Our review is limited to the administrative record. 8 U.S.C. § 1252(b)(4)(A); *Fang Huang v. Mukasey*, 523 F.3d 640, 656 (6th Cir. 2008). While the I-130 form was filed before the BIA, the approval of this petition was not, and "when an alien discovers new information after the BIA has finalized deportation proceedings, the proper procedure is for the alien to move the BIA to reopen the proceedings." *Peci*, 379 F. App'x at 508.[5]

---

[5]To file a second motion to reopen before the BIA, Sokoli must comply with the requirements of 8 C.F.R. § 1003.2(c)(3).

Moreover, Sokoli is not entitled to an adjustment of status based solely upon the approved I-130. Because she entered the United States with a false passport, Sokoli may receive an adjustment of status, in the Attorney General's discretion, only upon a showing of extreme hardship. 8 U.S.C. § 1182(i)(1). In this case, there is no evidence that Sokoli has followed the correct channels to make such a showing. 8 C.F.R. § 212.7(a)(1). Accordingly, even if we had the authority to remand this matter, Sokoli would still have several barriers to obtaining an adjustment of status based upon the approved I-130.

IV.

In sum, we hold that the BIA did not abuse its discretion in denying Sokoli's motion to reopen. We further hold that we are without statutory authority to remand this matter for consideration of Sokoli's newly approved I-130 petition. For these reasons, we deny the petition for review, deny the motion to remand, and affirm the BIA's decision.